UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES PAYNE, 19-A-2651,

                      Petitioner,

      -against-

THE PEOPLE OF THE STATE OF NEW YORK,

                      Respondent.
------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-3547(JMA)

FILED
CLERK
8/12/2021 5:01 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Before the Court is the in forma pauperis application filed by incarcerated pro se petitioner, James Payne ("Petitioner"), (ECF Nos. 4-5), in connection with his petition seeking a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651. (See Pet., ECF No. 1.) Upon review and for the reasons that follow, the application to proceed in forma pauperis is denied. Petitioner is directed to remit the $5.00 filing fee within twenty-one (21) days from the date of this Order to proceed with this case.

      To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hosp. Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. Pinede v. New York City Dep't of Envtl. Prot., No. 12-CV-

06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may dismiss a case brought by a litigant requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Petitioner's application reflects that he is presently incarcerated at the Bare Hill Correctional Facility and has maintained an average monthly balance in his inmate account in the sum of $88.39. See ECF 5 at 6. In addition, Petitioner's application reflects that he has $82.00 in the account, that he is employed at the institution and receives income from same, and that he has no expenses, dependents, or debts. See ECF 5 at 2, 5-6. Accordingly, given that the filing fee for the instant petition is $5.00, Petitioner's application demonstrates that he can afford to pay the Court's filing fee. Accordingly, Petitioner's motion to proceed in forma pauperis is denied and Petitioner is directed to pay the $5.00 filing fee within twenty-one (21) days of the date of this Order. Petitioner is warned that a failure to timely comply with this Order may lead to the dismissal of the petition without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Petitioner is further warned that, once paid, there are no refunds no matter the outcome of the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: August 12, 2021
Central Islip, New York

    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE